IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathan J. Bodary, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 05-2509 PCT FJM (VAM) |
| Dora Schriro, et al., | ) | REPORT AND RECOMMENDATION |
| Respondents. | ) | |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE.

Jonathan J. Bodary ("petitioner") filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner raises three grounds for relief.  (Doc. 1 at pp. 5-7). Respondents filed an answer requesting that the habeas petition be denied and dismissed with prejudice.  (Doc. 13).

**PETITIONER'S PREVIOUS HABEAS CORPUS PETITION**

The following background facts were recounted in a previous Report and Recommendation on petitioner's prior habeas corpus petition.  (See Bodary v. Thomas, CIV 01-1357 PCT RBC (VAM) at Doc. 14):

On October 13, 1998, petitioner pleaded guilty to the crimes of attempted child molestation (a Class 3 felony), as charged in Count 3; sexual abuse as charged in Count 6 (a Class 5 felony); and contributing to the delinquency of a minor (a Class 1 misdemeanor) as charged in Count 7 in CR 98-0239.  In return, the

court dismissed Counts 1, 2, 4 and 5.  (<u>Bodary v. Thomas</u>, CIV 01-

1357 PCT RBC (VAM) ("<u>Bodary I</u>"), Doc. 12, Exhibit A at pp. 5, 12,

13, 21).  At the time petitioner committed these offenses, he was

a high school teacher at Bradshaw Mountain High School, Prescott

Valley, Humboldt School District.  The crimes involved 3 female

students in separate incidents.  (<u>Bodary I</u>, Doc. 12, Exhibit A at

pp. 13-21; Exhibit D at p. 10).  On January 4, 1999, petitioner

was sentenced to the presumptive term of 10 years imprisonment

for the crime of attempted child molestation, 6 months in jail on

the misdemeanor crime of contributing to the delinquency of a

minor to be served concurrently with the 10-year sentence for

attempted child molestation and lifetime probation for the crime

of sexual abuse.  (<u>Id.</u>, Doc. 12, Exhibit D; Doc. 1 at p. 1).

    On June 1, 1999, petitioner filed a petition for post-

conviction relief.  Petitioner alleged his counsel at sentencing

rendered ineffective assistance by failing to challenge the

aggravating evidence presented concerning alleged misconduct

between himself and two students from Andersen Junior High School

in the Chandler Unified School District.  Petitioner worked as a

teacher at this school after he left Bradshaw High School in

Prescott.  Specifically, petitioner alleged that counsel was

ineffective at sentencing "because he failed to challenge the

State's aggravating evidence regarding the Chandler Unified

School District."  (<u>Bodary I</u>, Doc. 12, Exhibit D at p. 12).  In

an order dated December 17, 1999, the trial court granted the

petition for post-conviction relief.  (<u>Id.</u>, Doc. 12 at Exhibit

F).  The court held that "[t]he failure of defense counsel to

request a presentence mitigation hearing and the failure of
defense counsel to provide the Court with [petitioner's] response
to the Chandler School District's alleged aggravating factors
resulted in the denial of effective assistance of counsel."
(Id., Doc. 12, Exhibit F at p. 3).  The aggravating factors
concerned allegations of additional sexual misconduct by
petitioner with female students at a Chandler Junior High School.
(See id., Doc. 12, Exhibit D at pp. 5-6).  The court ordered that
petitioner be resentenced.  (Id., Doc. 12, Exhibit F at p. 3).

Petitioner was resentenced on February 29, 2000.  (Bodary I,
Doc. 12 at Exhibit G).  After reviewing all the mitigating
evidence submitted by petitioner, the court again sentenced
petitioner to 10 years for the attempted child molestation
conviction, 6 months in jail for the contributing to the
delinquency of a minor conviction and lifetime probation for the
sexual abuse conviction.  (See id., Doc. 12, Exhibit H).

Petitioner filed a second Notice of Petition for Post-
Conviction Relief pursuant to Ariz.R.Crim.P. 32.1 on March 8,
2000.  (Bodary I, Doc. 12 at Exhibit H).  Petitioner followed up
by filing a petition for post-conviction relief challenging his
resentencing.  Specifically, petitioner alleged the trial court
erred and violated his right to "constitutional due process" at
resentencing by not correcting his sentence and failing to find
any mitigating circumstances.  He also alleged the prosecutor
committed misconduct by calling for vengeance in resentencing.
(Id., Doc. 12, Exhibit I at p. 2).

The trial court denied the second Rule 32 petition in an

order filed on April 28, 2000.  (<u>Bodary I</u>, Doc. 12 at Exhibit J).

The court stated, in pertinent part:

> Notwithstanding the fact the Court previously granted [petitioner's] Rule 32 Petition on the ground of ineffective assistance of counsel at sentencing, the Court finds that based upon all factors presented to the Court at the evidentiary hearing, the presentence hearing and all material submitted to the Court by way of affidavit and letters submitted to the Court with the addendum to the presentence report that the Sentencing Order of February 29, 2000 is clearly supported by the record and does not violate [petitioner's] rights of due process.

(<u>Id.</u>, Doc. 12, Exhibit J at pp. 1-2).  On December 12, 2000, the Arizona Court of Appeals denied a petition for review without comment.  (<u>Id.</u>, Doc. 12 at Exhibit L).  The Arizona Supreme Court denied review without comment on April 24, 2001.  (<u>Id.</u>, Doc. 1 at Attachment).

On July 23, 2001, petitioner filed for federal habeas review pursuant to 28 U.S.C. §2254.  (<u>Bodary I</u>, Doc. 1).  Petitioner raised the following grounds for relief:

> **I.** THE TRIAL COURT DENIED PETITIONER DUE PROCESS OF LAW [14TH AMENDMENT] BY REFUSING TO CONSIDER ANY RELEVANT MITIGATING EVIDENCE AND BY SENTENCING PETITIONER WITH "VENGEANCE" AND VINDICTIVENESS.
>
> **II.** THE TRIAL COURT DENIED PETITIONER DUE PROCESS OF LAW [14TH AMENDMENT] BY ALLOWING PROSECUTOR'S MISCONDUCT IN DEMANDING "VENGEANCE" ON BEHALF OF THE VICTIMS AND BY NOT FOLLOWING THE LAW IN REFUSING TO RECOGNIZE THE MITIGATING EVIDENCE FOLLOWING THIS DEMAND.
>
> **III.** THE TRIAL COURT DENIED PETITIONER DUE PROCESS OF LAW [14TH AMENDMENT] BY NOT GIVING ANY RELIEF TO PETITIONER AFTER IT GRANTED PETITIONER'S FIRST PETITION FOR POST CONVICTION RELIEF ON THE GROUND OF INEFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING PHASE.
>
> **IV.** THE TRIAL COURT DENIED PETITIONER DUE PROCESS OF THE LAW [14TH AMENDMENT] BY ALLOWING THE PROSECUTOR TO FILE RESENTENCING MEMORANDUM TWO DAYS LATE IN DIRECT VIOLATION OF THE COURT'S ORDER WHICH UNDERMINED THE

1    FUNDAMENTAL FAIRNESS OF THE COURT PROCEEDINGS.

2    (<u>Bodary I</u>, Doc. 2 at p. 1; Doc. 1 at pp. 5-8).

3    On May 13, 2003, the Magistrate Judge issued a Report and

4    Recommendation recommending that the habeas petition be denied.

5    (<u>Bodary I</u>, Doc. 14).  On May 4, 2004, the District Court issued

6    an order denying the habeas petition on the basis that all four

7    grounds raised were procedurally defaulted.  (<u>Id.</u>, Doc. 16).

8    Petitioner sought review before the Ninth Circuit Court of

9    Appeals, but the Court of Appeals denied a certificate of

10   appealability on October 1, 2004.  (<u>Id.</u>, Doc. 21).

11   **PETITIONER'S SECOND HABEAS CORPUS PETITION**

12   On August 19, 2005, petitioner filed the current habeas

13   petition, again challenging the validity of the state sentences

14   handed down for his convictions in CR 98-0239.  (<u>Compare</u> Doc. 1

15   at pp. 1 and 5-7 and <u>Bodary I</u>, Doc. 1 at pp. 1 and 5-8).  The

16   claims raised in the current petition are as follows:

17   **GROUND I:** CONSTITUTIONAL AMENDMENT 14: DUE PROCESS OF
     LAW
18
     Petitioner was denied due process of law at
19   resentencing on February 29, 2000, where trial court
     refused to recognize the mitigating evidence that was
20   presented to the court ....

21   **GROUND II:** CONSTITUTIONAL AMENDMENT 14: DUE PROCESS OF
     LAW
22
     Petitioner was denied due process of law at
23   resentencing on February 29, 2000, where Prosecutor's
     misconduct in demanding "vengeance" on behalf of the
24   victims undermined the basic fairness of the legal
     process ....
25
     **GROUND III:** Sixth Amendment of the Constitution:
26   Ineffective Assistance of (Appellate) Counsel

27   On 3/8/00, Charles Anthony Shaw, attorney for Bodary,

28                                  5

```
petitioner, filed Petitioner's second Rule 32 petition
for PCR (petition dismissed) .... At no time did
Petitioner's counsel "federalize" his claims using
federal legal theory to support his claims ....
```

(Doc. 1 at pp. 5-7).

## DISCUSSION

Respondents seek dismissal of the petition because they contend the Court lacks jurisdiction "to act ... because [the petition] is an uncertified second or successive habeas petition to CV 01-1357-PCT-RCB and contains two of the same claims presented in the prior application, all in violation of 28 U.S.C. § 2244(b)(1), (b)(2), and (b)(3)(A)."  (Doc. 13 at p. 1). Alternatively, respondents argue the claims are barred by the statute of limitations.  (Id. at pp. 6-7).

28 U.S.C. § 2244(b) provides:

**(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** *Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.* (Emphasis added).

. . . . .

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Petitioner's current habeas petition is his second challenging the validity of the sentences he received as a result of his 1999 convictions in Arizona Superior Court in CR 98-0239. (Compare Doc. 1 at p. 1 and Bodary I, Doc. 1 at p. 1). The claims raised in Grounds I and II of the current petition are identical to the claims raised in Grounds I and II in Bodary I. (Compare Doc. 1 at pp. 5 and 6 and Bodary I, Doc. 1 at pp. 5 and 6). As a result, 28 U.S.C. § 2244(b)(1) mandates dismissal of these claims.

Although it does not appear that Ground III of the current petition was raised in Bodary I, this claim must also be dismissed because petitioner has not demonstrated that Ground III satisfies any of the requirements of 28 U.S.C. § 2244(b)(2)(A) and (B). In addition, petitioner has not obtained the necessary authorization from the Ninth Circuit Court of Appeals to have this claim heard in the District Court in a second or successive habeas application. See 28 U.S.C. § 2244(b)(3)(A). Therefore, pursuant to 28 U.S.C. § 2244(b)(4), Ground III should be dismissed.

Because all petitioner's habeas claims are barred pursuant

to 28 U.S.C. § 2244(b), the Court need not address respondents' alternative argument that the claims are barred by the statute of limitations.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus be dismissed pursuant to 28 U.S.C. § 2244(b)(4).

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal filed pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's order and judgment.  The parties shall have ten (10) days from the date of service of this Report and Recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's Report and Recommendation.

DATED this 23rd day of May, 2006.

_Virginia A. Mathis_
Virginia A. Mathis
United States Magistrate Judge

8